UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTINA RUPERT**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SANTANDER CONSUMER USA, INC.**,<br><br>Defendant. | Case No.: 1:21-cv-6201 |

# CLASS ACTION COMPLAINT

## INTRODUCTION

1. Defendant SANTANDER CONSUMER USA, INC. ("Defendant" or "Santander"), is a debt collector that has repeatedly called Plaintiff CHRISTINA RUPERT's ("Plaintiff") cellular telephone badgering her about a Santander account that does not belong to her in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Santander holds itself out as the industry leader in collecting on delinquent subprime auto loans.

3. The majority of Santander's auto loan portfolio consists of subprime receivables from consumers who do not qualify for conventional consumer finance products, as a result of, among other things, a lack of or adverse credit history, low-income levels, and/or the inability to provide adequate down payments.

4. Thus, the debtors that Santander targets and attempts to collect from are often in unstable circumstances where they are relatively more susceptible to harassment, oppression and abuse.

5. Santander capitalizes on these circumstances by using automatic telephone dialing systems ("ATDS") and employing prerecorded or artificial voice calls to harass debtors, debtors' relatives, and other contacts multiple times a day, and willfully and knowingly ignoring complaints and requests that the calls stop.

6. Santander continues its calls against consumer's requests that the calls stop and even when it knows, or is informed, that it has the wrong telephone number.

7. Santander has placed at least 145 calls to Plaintiff's cellular telephone using an artificial or prerecorded voice in violation of the TCPA. In addition, Santander has knowingly and willfully continued to make such calls to Plaintiff's cellular telephone number after she demanded that the calls stop.

8. Plaintiff is not, and has never been, a Santander customer or the debtor of a loan for which Santander collects.

9. Plaintiff did not provide her express consent (or any consent whatsoever), to receive calls from Santander (i) regarding a debt that is not owed by her, or (ii) to her cellular telephone number.

10. On numerous occasions, Plaintiff demanded that Santander stop calling her phone number because it was the "wrong number."

11. Santander knew that it was calling the wrong number because, when Plaintiff was connected to a live representative or called Santander directly, Santander refused to discuss the account connected to her cellular telephone number with her for the stated reason that Plaintiff's name *was not associated with that account*.

12. On some occasions, Santander told Plaintiff that Santander would stop calling her. Santander did not honor that commitment, and the unlawful badgering phone calls continued.

13. On other occasions, Santander told Plaintiff that there was nothing it could do to stop these calls and the calls would keep coming. Outrageously, the representatives suggested that Plaintiff shut her phone off or simply ignore the calls if she did not want to receive Santander's calls.

14. Despite Plaintiff's many demands that the calls cease, Santander continues to make calls to Plaintiff's cellular telephone without her consent using artificial or prerecorded voices and an ATDS.

15. Accordingly, Plaintiff brings this TCPA action on behalf of herself and a class of similarly situated individuals under 47 U.S.C. § 227(b).

## PARTIES

16. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Saltsburg, Pennsylvania.

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Defendant is, and at all times mentioned herein was, a corporation incorporated and existing under the laws of Illinois, with its principal place of business located at 1601 Elm Street, Suite 800, Dallas, Texas 75201.

19. Santander does business throughout this District, the State of Illinois, and the United States.

20. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**JURISDICTION AND VENUE**

21. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

22. This Court has jurisdiction over Santander because Santander is an Illinois corporation and conducts business transactions in this state.

23. Venue is proper in this District because Defendant is incorporated under the laws of Illinois and conducts significant amounts of business transactions within this District, and therefore resides in this District, and because some of the wrongful conduct giving rise to this case occurred in and/or emanated from this District.

**FACTUAL ALLEGATIONS**

24. Santander services and attempts to collect on billions of dollars in subprime consumer loans each year.

25. One of the methods Santander deploys to collect on these loans is placing a high volume of telephone calls using artificial or prerecorded voices to consumers.

26. Upon information and belief, like Plaintiff's, many of the cellular telephone numbers that Santander calls to collect the alleged debts were never provided by the called party to Santander, or any other entity, for any purpose related to a debt.

27. Instead, Santander acquires these cellular telephone numbers, as well as the phone numbers of its alleged debtors' family members, friends, and/or references, through various means such as "skip tracing" (*i.e.,* locating an individual's phone number by searching through public and private databases) and "number trapping" (*i.e.,* capturing phone numbers from which debtors and others place incoming calls to Santander to inquire about their debts, and adding those to its database of numbers to be called in the future).

28. By employing methods like skip tracing and number trapping, Santander fails to obtain requisite consent to place calls to these telephone numbers using artificial or prerecorded voices.

29. Plaintiff's telephone number, (xxx) xxx-3192, is assigned to a cellular telephone service.

30. Since at least as early as October 2020, Santander has repeatedly called Plaintiff's cellular telephone number using prerecorded or artificial voice messages without her consent.

31. Plaintiff knew that the calls she received used an artificial or prerecorded voice, because on numerous occasions Plaintiff attempted to respond to or interrupt the artificial or prerecorded voice but no human would respond.

32. In addition, on occasions when Santander left a voicemail message on Plaintiff's cellular telephone, the message concluded with the phrase: "this is a recording."

33. These calls are made from the number 1-888-222-4227.

34. Plaintiff does not have a Santander account.

35. Plaintiff has never been a Santander debtor.

36. Plaintiff did not consent to receive calls from Santander and never consented to receive calls intended for other Santander debtors.

37. During numerous calls, after listening to an artificial or prerecorded message, Plaintiff connected to a live agent and informed the agent that Santander was calling the wrong number and requested that the calls stop.

38. Despite this, Santander continued to place artificial or prerecorded calls to Plaintiff, often multiple times a day and even on Sundays.

39. On some occasions, Santander advised Plaintiff that it would make a note of her request to be added to a "do-not-call" list, but would state that Santander could not guarantee she would not receive any further calls.

40. Despite Plaintiff's requests, and Santander's statements that it would make note of her requests not to be called, Plaintiff continues to receive unsolicited calls from Santander.

41. On other occasions, Santander told Plaintiff that there was nothing they could do to stop these calls and outrageously suggested that she either shut her phone off if she did not want to receive Santander's calls or ignore them.

42. Santander has been sued multiple times for calling behavior similar to the behavior described in this Complaint. *See Otero-Vazquez v. Santander Consumer USA, Inc.*, Case No. 6:20-cv-01266 (M.D. Fla.); *Morrissey v. Santander Consumer USA, Inc.*, Case No. 2:20-cv-02345 (D. Ariz.); *Adams, et al. v. Santander Consumer USA, Inc.*, Case No. 1:20-cv-03411 (N.D. Ill.); *Bankhead, et al. v. Santander Consumer USA, Inc.*, Case No. 1:20-cv-01310 (N.D. Ill.).

43. Accordingly, Santander is aware of the TCPA's prohibitions against the use of artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party.

44. Santander knowingly and willfully caused calls utilizing an artificial or prerecorded voice to be made to the cellular telephones of Plaintiff and other Class members without their prior express consent.

45. In addition, each call Santander made to Plaintiff's cellular telephone after she informed Santander that it was calling the wrong number constitutes knowing and willful violations of the TCPA.

46. Complaints abound from other persons who report similar harassing behavior by Santander.

47. For example, on the popular reverse phone number lookup database, www.800notes.com[1], consumers report the following:



---

[1] https://800notes.com/Phone.aspx/1-888-222-4227 (last accessed Nov. 10, 2021).



**JR**
19 Nov 2018

Got a call for someone I don't even know. They left a message for some Brittany to call them back. Good luck with that no Brittany lives here. I am going to block them next time they call.

*Caller: Santander Consumer USA*
*Call type: Scam suspicion*

Reply !

**Annoyed**
26 Jan 2019

Valid company or not, they are calling MY house, on a # I've had for twenty years, for the son of the previous owner of my house. (I recognize the last name). They haven't lived here for eleven years.

*Caller: Tia?*
*Call type: Unwanted*

Reply !

**BCV**
27 Aug 2018

Called my cell phone, left a message for my husband asking him to relay a message to two other people, whom we have never heard of, for them to call whatever company this is. When Googling the number, I come up with multiple companies. The lady who left the message never said who she was with.

*Caller: Unsure.*

Reply !

**american consumertmac**
9 Sep 2010 | 1 reply

these [***] call my phone 10 times a day. And that's not exagerated! I tell them they have the wrong number. I just got from serving 3 tours in iraq. I have no debt. They asked for my SS# and I wouldn't give it to them so they hung up. I'm sick of it!

Reply !

**robin**
20 Sep 2010 | 1 reply

They have called my cell several times asking for someone that I don't even know. When I explain this, they harass me and say they will keep calling until this person answers!!! They have the wrong number!

*Call type: Debt collector*

Reply !

8



48. Plaintiff has suffered concrete harm because of Santander's unwanted and unsolicited calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls and voicemails;

- Invasion of Privacy;

- Nuisance; and

- Filling her voicemail with messages and rendering it full and unusable for other callers.

49. These forms of actual injury are sufficient for Article III standing purposes. *See Trans Union, LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (citing *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020) (unwanted text messages satisfy concrete harm requirement of Article III of the U.S. Constitution)).

## **CLASS ACTION ALLEGATIONS**

50. Plaintiff brings this action under Fed. R. Civ. P. 23 as a representative of the following Class:

> All persons called by or on behalf of Santander on their cellular telephone numbers with an artificial or prerecorded voice without their prior express consent from four years prior to the date of filing of the complaint to trial.

51. Excluded from the Class is Santander and any entities in which Santander has a controlling interest; Santander's agents and employees; any Judge and Magistrate Judge to whom

this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

52. The members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable. The Class is comprised of hundreds, if not thousands, of individuals, as Santander holds itself out as the industry leader in collecting on billions of dollars of delinquent subprime auto loans each year.

53. The exact number and identities of the persons who fit within the Class are ascertainable in that Santander and third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Santander placed its calls;

    b. The telephone numbers to which Santander placed its calls;

    c. The telephone numbers for which Santander had prior express consent;

    d. The telephone numbers which Santander was informed were incorrect;

    e. The purposes of such calls; and

    f. The names and addresses of Class members.

54. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

    a. Whether Santander (or someone acting on its behalf) used an artificial or prerecorded voice to call phone numbers;

    b. Whether Santander (or someone acting on its behalf) obtained prior express consent to call the phone numbers using artificial or prerecorded voices;

    c. Whether Santander ignored consumers' indications that they were not the consumers Santander intended to call;

      d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and

      e. Whether Santander should be enjoined from engaging in such conduct in the future.

55. Plaintiff is a member of the Class because Santander placed an artificial or prerecorded phone call to her cellular telephone without her prior express consent.

56. Plaintiff's claims are typical of the claims of the other Class members because they arise from Santander's uniform conduct and are based on the same legal theories as these claims.

57. Plaintiff and Class members have suffered concrete harm from Defendant's unwanted calls that were a nuisance and an invasion of their privacy.

58. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

59. Plaintiff will thoroughly and adequately protect the interests of the Class members, having retained qualified and competent legal counsel to represent her and the Class.

60. Santander has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

61. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

62. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each Class member make individual actions uneconomical.

63. Common questions will predominate, and there will be no unusual manageability issues.

## CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)

64. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

65. Santander used an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

66. Santander has violated 47 U.S.C. § 227(b) with respect to each such call.

67. As a result of Santander's unlawful conduct, Plaintiff and the Class members are entitled to an award of at least $500 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

68. Plaintiff and the Class members are entitled to an award of enhanced statutory damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

69. Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting Santander's future violations of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing her counsel as Class Counsel;

    B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

    C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of enhanced statutory damages; and

F. Such other and further relief that the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

CHRISTINA RUPERT, on behalf of herself and all others similarly situated,

By: /s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr. (IL #6231944)
*tom@attorneyzim.com*
Sharon A. Harris
*sharon@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Jeffrey D. Blake
*jeff@attorneyzim.com*
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
www.attorneyzim.com

Max S. Morgan, Esquire*
Eric H. Weitz, Esquire*
THE WEITZ FIRM, LLC
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Application for full admission forthcoming

*Counsel for Plaintiff and the Proposed Class*